Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., <br><br>*Plaintiff* <br><br> v. <br><br> AM DEVOTEE STORE, ATRIH NINGBO IMPORT & EXPORT CO., LTD., AUTOMOBILE AD MOTORCYCLE PARTS STORE, AUTOS DROPSHIPPING'S STORE, BENGBU HANYU NEW ENERGY TECHNOLOGY LIMITED, BRAND-NEW WAY STORE, CAR 999 STORE, CAR ACCESSORIES DISCOUNT STORE, CAR CAR CAR!!! STORE, CAR TOOL STORE, CAR WITH YOU STORE, CHANGSHU JUHAO CLEAN TEXTILE CO., LTD., COOLEST-TOPEST STORE, DONGGUAN ZHONGSEN NEW MATERIAL CO., LTD., DROP SHIPPING CAR ACCESSORIES STORE, FANTASTICCAR STORE, GOOD COMFORTABLE STORE, HANGZHOU JIUZE TECHNOLOGY CO., LTD., HANGZHOU MOSHENG TEXTILES CO., LTD., HD-CAR STORE, HELIUS 777 STORE, HENAN HUAXIN IMPORT & EXPORT TRADE CO., LTD., HENAN RUOZHEN TRADING CO., LTD., HONDAR MACHINERY CO., LTD., JANNEY ILLIMITABLE AMPLIFY STORE, LIGHT OF EC CHINA STORE, LUNA'S CAR HOUSE STORE, MOSTEST STORE, NINGBO FINELIFE PRODUCTS INTL TRADING | **20-cv-9775 (AKH)** <br><br> **PRELIMINARY INJUNCTION ORDER** |

CO., LTD., NINGBO KINGWORTH GLOBAL IMP. & EXP. CO., LTD., NINGBO SONGXING METAL CO., LTD., NINGBO SUNAIR HOUSEWARE CO.,LTD, NINGBO XINKE INDUSTRIAL & TRADING CO., LTD., ONLINE CAR STORE, PROFESSION PICK STORE, PROMETHEUSS 777 STORE, RYAN-CAR STORE, SHAOXING JINYI TRADING CO., LTD., SHENZHEN FUYUAN GIFT LTD., SHOP5123097 STORE, SHOP5497252 STORE, SHOP5777765 STORE, SHOP5797644 STORE, SHOP5800663 STORE, SHOP5873953 STORE, SHOP910316358 STORE, SILVER MOO STORE, STEAM FRICTION STORE, TO BE PROFESSIONAL STORE, WORTHWHILE DECISION STORE, WUHAN RUIYU TENGFEI TRADING CO., LTD., YIWU HONGYI COMMODITY PURCHASING CO., LTD. and YIWU XIAOHUA HOUSEHOLD GOODS FACTORY,

*Defendants*

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendants** | AM devotee Store, Atrih Ningbo Import & Export Co., Ltd., Automobile Ad Motorcycle Parts Store, AUTOs Dropshipping'S Store, Bengbu Hanyu New Energy Technology Limited, Brand-new Way Store, CAR 999 Store, Car accessories discount Store, Car Car Car!!! Store, Car Tool Store, car with you Store, Changshu Juhao Clean Textile Co., Ltd., coolest-topest Store, Dongguan Zhongsen New Material Co., Ltd., Drop Shipping Car Accessories Store, FantasticCar Store, Good Comfortable Store, Hangzhou Jiuze Technology Co., Ltd., Hangzhou Mosheng Textiles Co., Ltd., HD-CAR Store, Helius 777 Store, Henan Huaxin Import & Export Trade Co., Ltd., Henan Ruozhen Trading Co., Ltd., HONDAR MACHINERY CO., LTD., Janney Illimitable Amplify Store, Light Of EC China Store, Luna's Car House Store, MOSTEST Store, Ningbo Finelife Products Intl Trading Co., Ltd., Ningbo Kingworth Global Imp. & Exp. Co., Ltd., Ningbo Songxing Metal Co., Ltd., Ningbo Sunair Houseware Co.,Ltd, Ningbo Xinke Industrial & Trading Co., Ltd., Online Car Store, Profession Pick Store, Prometheuss 777 Store, RYAN-CAR Store, Shaoxing Jinyi Trading Co., Ltd., Shenzhen Fuyuan Gift Ltd., Shop5123097 Store, Shop5497252 Store, Shop5777765 Store, Shop5797644 Store, Shop5800663 Store, Shop5873953 Store, Shop910316358 Store, Silver Moo Store, Steam friction Store, TO BE PROFESSIONAL Store, Worthwhile Decision Store, Wuhan Ruiyu Tengfei Trading Co., Ltd., Yiwu Hongyi Commodity Purchasing Co., Ltd. and Yiwu Xiaohua Household Goods Factory |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third- |

| | |
|---|---|
| | party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint filed on November 20, 2020 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on November 20, 2020 |
| **Iyer Dec.** | Declaration of Bala Iyer in Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| **Egg Sitter Mark** | U.S. Trademark Registration No. 5,504,815 for "EGG SITTER" for goods in Class 20 |
| **Egg Sitter Works** | U.S. Copyright Reg. Nos.: PA 2-105-246 covering the Egg Sitter Commercial, TX 8-543-342 covering the Egg Sitter Instruction Manual, VA 2-094-755 covering the Egg Sitter Packaging and VA 2-150-425 covering the Egg Sitter Website |
| **Egg Sitter Product** | A support cushion with a honeycomb design to absorb pressure points and provide support for back and spine pain |
| **Counterfeit Products** | Products bearing or used in connection with the Egg Sitter Mark and/or Egg Sitter Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Egg Sitter Mark and/or Egg Sitter Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Egg Sitter Mark and/or Egg Sitter Works and/or products that are identical or confusingly or substantially similar to the Egg Sitter Product |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered |

| | |
|---|---|
| | accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on November 20, 2020 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on November 23, 2020, the Court entered an Order ("TRO"), granting in part and denying in part, Plaintiff's Application;

WHERES, on November 25, 2020, the Court entered a limited Asset Restraint Order;

WHEREAS, on December 1, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant;

WHEREAS, on December 3, 2020, the Court entered an Order ("December 3, 2020 Order") extending the TRO until December 21, 2020 and scheduling a hearing on Plaintiff's application for a preliminary injunction order for December 10, 2020 at 2:30 p.m. ("PI Show Cause Hearing");

WHEREAS, on December 7, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served a copy of the December 3, 2020 Order on each and every Defendant, except Defendant Yiwu Hongyi Commodity Purchasing Co., Ltd., who was subsequently served on December 9, 2020;

WHEREAS, on December 10, 2020 at 2:30 p.m., Plaintiff appeared at the PI Show Cause Hearing, however, no Defendants appeared.

**FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1.  Plaintiff is a leading developer, producer, marketer, and distributor of quality, innovative consumer products that Plaintiff promotes and sells throughout the United States and

1

the world through major retailers and well-known mass retail outlets, including, but not limited to: Wal-Mart, Target and Bed Bath & Beyond, as well as through its retail customers' websites and a network of international distributors, among other channels of trade.

2. One of Plaintiff's most popular and successful products is Egg Sitter, a support cushion with a honeycomb design to absorb pressure points and provide support for back and spine pain.

3. Plaintiff is the exclusive licensee of the Egg Sitter Mark, U.S. Trademark Registration No. 5,504,815 for "EGG SITTER" for goods in Class 20, which is owned by DaVinci CSJ, LLC;

4. The Egg Sitter Mark is currently in use in commerce in connection with the Egg Sitter Product;

5. For example, Plaintiff owns the Egg Sitter Works, including U.S. Copyright Reg. Nos.: PA 2-105-246 covering the Egg Sitter Commercial, TX 8-543-342 covering the Egg Sitter Instruction Manual, VA 2-094-755 covering the Egg Sitter Packaging and VA 2-150-425 covering the Egg Sitter Website.

6. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale or selling products bearing or used in connection with the Egg Sitter Mark and/or Egg Sitter Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Egg Sitter Mark and/or Egg Sitter Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Egg Sitter Mark and/or Egg Sitter Works and/or products that are identical or confusingly or substantially similar to the Egg Sitter Product through Defendants' User Accounts

and Merchant Storefronts with Alibaba and/or AliExpress (*see* **Schedule A** for links to Defendants' Merchant Storefronts and Infringing Listings);

7. Alibaba and AliExpress are online marketplace and e-commerce platforms that allow manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell and ship their retail products originating from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York;

8. Defendants are not, nor have they ever been, authorized distributors or licensees of the Egg Sitter Product. No one other than the Egg Sitter Mark owner, Plaintiff, its authorized licensees and distributors are authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Egg Sitter Mark or Egg Sitter Works;

9. Defendants have offered for sale and sold substandard Counterfeit Products that infringe the Egg Sitter Works and/or Egg Sitter Mark;

10. Plaintiff is likely to prevail on its Lanham Act, copyright and related common law claims at trial;

11. As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries;

12. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if injunctive relief is ordered is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Egg Sitter Works and/or Egg Sitter Mark and to its reputations if injunctive relief is not ordered;

13. Public interest favors issuance of injunctive relief in order to protect Plaintiff's interests in and to its Egg Sitter Works and/or Egg Sitter Mark, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Egg Sitter Product;

## ORDER

1. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, who receive actual notice of this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    a) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

    b) marketing, advertising or promoting Counterfeit Products on the internet;

    c) directly or indirectly infringing in any manner Plaintiff's Egg Sitter Mark and/or Egg Sitter Works;

    d) using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Egg Sitter Mark and/or Egg Sitter Works, to identify any goods or services not authorized by Plaintiff;

    e) using Plaintiff's Egg Sitter Mark and/or Egg Sitter Works or any other marks and/or artwork that are confusingly or substantially similar to the Egg Sitter Mark and/or Egg Sitter Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting,

      distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

f) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

g)    secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts or Merchant Storefronts and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

h)    effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

       i) knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a) through 1(h) above.

2. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

    a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by Alibaba pursuant to Paragraph V(C) of the TRO or may otherwise be determined; or

    b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order.

3. As sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

4. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

5. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

6. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this ___14th___ day of ____December_____, 20_20__,
at __12:00_____ __p.m.    New York, New York

                                               _/s/ Alvin K. Hellerstein_____
                                               HON. ALVIN K. HELLERSTEIN
                                               UNITED STATES DISTRICT JUDGE